IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | Civil Action No. 11-747 |
| ) | |
| **KENNETH D. GOLDSMITH,** ) | |
| ) | (Appeal related to Bankruptcy Case No. 10- |
| Debtor. ) | 28369) |
| ) | |
| ) | |
| **KENNETH D. GOLDSMITH,** ) | |
| ) | |
| Goldsmith, ) | |
| ) | |
| v. ) | |
| ) | |
| **TRENDS CAPITAL, LLC, CRAIG** ) | |
| **FALK, JASON COHEN, JLB** ) | |
| **INVESTMENT PROPERTIES, LLC,** ) | |
| ) | |
| Appellees. ) | |

## MEMORANDUM ORDER

CONTI, District Judge.

Pro se appellant-debtor Kenneth D. Goldsmith ("Goldsmith") filed a motion pursuant to Federal Rule of Civil Procedure 59(e), requesting that the court reconsider its November 22, 2011 memorandum opinion and order. In that order, the court denied Goldsmith's bankruptcy appeal and affirmed an April 20, 2011 order issued by the bankruptcy court.

Goldsmith captioned his motion for reconsideration as "Appellant Pro Se's Motion for Reconsideration of Judgment and Opinion of November 22, 2011, to Hold Appellees Jason Cohen, Craig Falk, Trends Capital LLC, and JLB Investment Properties LLC, in Criminal Contempt of Court Pursuant to Federal Rule of Civil Procedure 59." (ECF No. 9 at 1.) He requests the court reopen the case "to set date for hearing and trial for criminal contempt" of

1

appellees for their alleged failure to obey an automatic stay imposed by the bankruptcy court. (Id. at 2, 4-6.) The court considered the same issues in its memorandum opinion and order dated November 22, 2011 (ECF No. 8). The court ruled that the bankruptcy court did not err in its order and that Goldsmith's enumerated complaints against appellees were without remedy on appeal. (Id.)

A motion for reconsideration under Rule 59(e) must rely on one of three grounds: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. Wingate Inns Int'l, Inc.v. Hightech Inn.com, LLC, 429 F. App'x 152, 154 (3d Cir. 2011) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir.1995)).

Goldsmith did not present the court with any intervening change in the law or with the availability of new evidence; his motion must rely on the third ground listed above. With respect to the third ground, Goldsmith argues that "the applicable law appears to have been substantially and substantively misapplied." (ECF No. 9 at 2.) To the extent that Goldsmith argues that the courts November 2011 opinion and order was erroneous, he has not established clear error. He argues that the court "incorrectly determined that criminal contempt could not lie because such adjudication was collaterally estopped via res judicata." (Id. at 5-6.) He does not, however, present the court with any authority to show that the court's earlier determination was erroneous. Instead, he quarrels with the courts application of the law to the facts of this case. A motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already rightly or wrongly made. Williams v. Pittsburgh, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998). Litigants are cautioned to "evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." Waye v. First

Citizen's Nat'l Bank, 846 F. Supp. 310, 314 n.3 (M.D. Pa. 1994) (internal quotation omitted).

Goldsmith's attempt to demonstrate clear error in the court's November 2011 opinion and order is nothing more than a disagreement with the court's earlier application of the law, and is not a sufficient basis for the court to reconsider its earlier decision.  See Waye, 846 F. Supp. at 314 n.3; Williams, 32 F. Supp. 2d at 238.  Because Goldsmith did not show an intervening change in the law, new evidence or clear error, Goldsmith's motion for reconsideration must be DENIED.

AND NOW, this 8th day of February 2012, upon consideration of parties' filings and upon review of this court's memorandum opinion and order dated November 22, 2011, for the reasons set forth above, **IT IS ORDERED** that the motion for reconsideration filed by Kenneth D. Goldsmith is **DENIED**.

By the court,

 /s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge